**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAIN OSMAN ZUNIGA-ESPINOZA,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 12-9544
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Dain Osman Zuniga-Espinoza, a native and citizen of Honduras, seeks review

of the decision by the Board of Immigration Appeals (BIA) affirming without

opinion the decision by the Immigration Judge (IJ) denying his request for restriction

on removal. We have jurisdiction under 8 U.S.C. § 1252 and deny in part and

dismiss in part the petition for review.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

Mr. Zuniga-Espinoza illegally entered the United States in January 2001.  He filed for asylum relief in April 2008.  In the proceedings before the IJ, he admitted that his asylum request was untimely and refined his request to being solely for restriction on removal.

Mr. Zuniga-Espinoza testified that his life was in danger in Honduras because of the Mara gangs.  He explained that he worked in the Honduran capital of Tegucigalpa selling items on the street.  He was approached by members of the Mara 18 gang, who asked him for money.  They also asked him to join their group and threatened him when he refused.  He further testified that the Mara gang attacked him on three occasions—once in 1996, once in 1997, and once in 1999.

After the attack in 1999 he was afraid, so he left Tegucigalpa and went back to his home village, Solidad De Parisos.  He testified that he was safe there for two years.  His family continues to live there safely without any trouble from the gangs.  As he explained, the gangs "don't go" to his home village.  Admin. R. at 159.

Mr. Zuniga-Espinoza requested restriction on removal based on his membership in a particular social group, which he defined as "young Honduran businessmen."  *Id*. at 72.  The IJ concluded, however, that Mr. Zuniga-Espinoza's proposed social group is not one that the BIA would recognize for the purpose of restriction on removal and that he did not face harm because of his social group membership.  The IJ further explained that even if Mr. Zuniga-Espinoza had

established his membership in a particular social group, and that he was harmed on account of his membership in that group, he had shown that he was able to relocate successfully to his home village in Honduras, where he could live without harm from the Mara gang members.

The IJ denied restriction on removal and the BIA summarily affirmed the IJ's decision under 8 C.F.R. § 1003.1(e)(4).  Mr. Zuniga-Espinoza now seeks review of that decision.

II. Discussion

"We review the BIA's legal determinations de novo and its findings of fact for substantial evidence."  *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010). "Once the BIA affirms a decision without opinion, the IJ's decision becomes the final agency determination."  *Tsegay v. Ashcroft*, 386 F.3d 1347, 1352 (10th Cir. 2004).

Mr. Zuniga-Espinoza first argues that the BIA member assigned to his case should not have applied the affirmance-without-opinion provision in 8 C.F.R. § 1003.1(e)(4), but instead should have referred the case to a three-member panel. He argues also that the IJ erred in denying his request for relief because he established past persecution and a well-founded fear of future persecution on account of his membership in a particular social group.

We lack jurisdiction to consider Mr. Zuniga-Espinoza's first argument.  As we have explained, "[T]he decision to affirm without opinion falls squarely into the

category of decisions committed to the agency's discretion and beyond our jurisdiction to review." *Tsegay*, 386 F.3d at 1356.

We need not reach Mr. Zuniga-Espinoza's second argument regarding past persecution based on his membership in a particular social group. The IJ found that even if Mr. Zuniga-Espinoza had suffered past persecution, he was successful in seeking internal resettlement by relocating back to his family village, where he could safely live without any harm from the Mara gang. A finding of past persecution gives rise to a presumption of future persecution, but the presumption can be rebutted by a finding that the "applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(1)(i)(B). The IJ therefore concluded that Mr. Zuniga-Espinoza failed to establish that it was more likely than not that he would face persecution in Honduras. In his brief before this court, Mr. Zuniga-Espinoza fails to contest the IJ's finding that he could live safely in his family village in Honduras. Accordingly, we deny his petition for review. *See Tulengkey v. Gonzales*, 425 F.3d 1277, 1281-82 (10th Cir. 2005).

### III.  Conclusion

For the foregoing reasons, we deny in part and dismiss in part the petition for review.  Petitioner's motion to proceed in forma pauperis is denied.


Entered for the Court


Harris L Hartz
Circuit Judge